IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HUBERT CECIL DAVIDSON, III,
    Plaintiff,

vs.                                             Case No. 3:10cv255/RS/EMT

MICHELLE M. ALLEN, et al.,
    Defendants.
_____/

**ORDER**

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 2).

Plaintiff, an inmate at Santa Rosa Correctional Institution Annex ("SRCIA"), names two Defendants in this action: Michelle M. Allen, a Registered Nurse Specialist at SRCIA; and Officer P. Murphy, a correctional officer at SRCIA (Doc. 1 at 1, 2). Plaintiff alleges that over a two-week period from June 21, 2010 to July 6, 2010, Defendants used excessive force against him on four occasions and denied him medical treatment in violation of the Eighth and Fourteenth Amendments (*id.* at 7–9).[1] He filed the instant complaint on July 18, 2010 (*id.* at 10). As relief, he seeks compensatory damages and declaratory relief (*id.*).

Initially, the court notes that Plaintiff's status as a "three-striker" was established in Case No. 3:08cv733-J-33MCR, filed in the Middle District of Florida, and recognized in Case No. 3:09cv157/LAC/MD filed in this district. *See* Davidson v. Kaseta, No. 3:09cv157/LAC/MD, 2009 WL 14444208 (N.D. Fla. May 20, 2009).[2] Although Plaintiff alleges he is under a "constant and

---

[1] The page references used in this Order reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

[2] Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions under certain circumstances. It provides:

pervasive threat of violence" and has suffered serious physical injury (including a broken nose, three broken ribs, and a life-threatening allergic reaction to Haldol), the court notes that in the nearly three-month period since Plaintiff filed this lawsuit, he has not filed anything with the court indicating that Defendant Murphy or Defendant Allen has engaged in any additional acts of misconduct. Furthermore, if Plaintiff believed he was under imminent danger of serious physical injury, one would think he would seek injunctive relief enjoining Defendants from engaging in such conduct. Instead, he seeks only monetary damages and declaratory relief.

Additionally, Plaintiff's assertion that he exhausted his administrative remedies prior to filing this lawsuit is implausible. The Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has stated that this "invigorated" exhaustion requirement is the "centerpiece" of the PLRA. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006). The exhaustion requirement helps to ensure that the "flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit." Jones v. Bock, 549 U.S. 199, 203, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007). It also "attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to

---

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

Case No. 3:10cv255/RS/EMT

address complaints internally before allowing the initiation of a federal case.'" Woodford, 548 U.S. at 93 (quoting Porter v. Nussle, 534 U.S. 516, 525, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002)) (footnote omitted). The exhaustion requirement is mandatory, and there is no discretion to waive it. Woodford, 126 S. Ct. at 2382; Alexander v. Hawk, 159 F.3d 1321, 1324–26 (11th Cir. 1998).

Additionally, the PLRA exhaustion requirement requires proper exhaustion. Woodford, 548 U.S. at 84, 93. In Woodford, the Supreme Court clarified that proper exhaustion requires that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Id.* at 83–84; *see also* Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that § 1997e(a)'s exhaustion requirement contains "a procedural default component"—that is, "[p]risoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim"); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (holding that a prisoner did not exhaust available administrative remedies where he filed an untimely grievance without seeking leave, and failed to appeal the denial of his grievance). Thus, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90–91.

Florida regulations establish a three-step grievance process within state institutions that includes an informal grievance, formal grievance, and appeal to the Office of the Secretary of the DOC. *See* Fla. Admin. Code rr. 33-103.005 to 103.007 (2008). Some types of grievances, including emergency grievances, grievances of reprisal, and grievances of a medical nature, may bypass the informal grievance step. *Id.*, rr. 33-103.006(3)(a), (c), (e) (2008). Formal grievances must be received by the institution no later than fifteen (15) calendar days from the date on which the incident or action being grieved occurred. *Id.*, r. 33-103.011(1)(b) (2008). The reviewing authority at the institution has up to twenty (20) days from the date of receipt of the formal grievance to respond. *Id.*, r. 33-103.011(3)(b). Emergency grievances must be responded to by the institution within fifteen (15) days of receipt. *Id.*, r. 33-103.011(3)(d). Grievance appeals to the Office of the Secretary must be received within fifteen (15) days from the date of the response to the formal grievance. *Id.*, r. 33-103.11(1)(c). The Office of the Secretary has up to thirty (30) days from the

date of receipt of the grievance to respond. *Id.*, r. 33-103.011(3)(c). An inmate is entitled to advance to the next step in the grievance process if he does not receive a timely response to a grievance. *Id.*, r. 33-103.011(4).

In the instant case, Plaintiff states that all four of the incidents described in the complaint occurred from June 21 to July 6, 2010, with the last incident occurring just twelve (12) days before he filed suit. He additionally states, "I am receiving no administrative remedy or help by writing grievances. I have exhausted all of my administrative remedies and have copies to prove such." (Doc. 1 at 9). Plaintiff signed his complaint under penalty of perjury (*id.* at 10). It is highly implausible that during the 28-day period preceding the filing of this lawsuit, Plaintiff filed formal grievances, received responses from the institution, filed appeals with the Office of the Secretary, and received responses regarding each alleged Eighth Amendment violation. Additionally, since Plaintiff states he has copies of his grievances to prove exhaustion, he will be required to submit them. Plaintiff is reminded that if he did not <u>properly</u> <u>complete</u> the administrative grievance process <u>prior</u> to July 18, 2010, the date he filed this lawsuit, his complaint will be subject to dismissal.

If, upon review of the foregoing, Plaintiff determines he does not wish to proceed with this action at this time, he shall file a notice of voluntary dismissal. If Plaintiff wishes to proceed with this action, he must submit copies of his grievances.

Accordingly, it is **ORDERED**:

1. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a Notice of Filing with attached copies of his administrative grievances regarding the incidents that are the subject of this lawsuit. Alternatively, Plaintiff shall file a notice of voluntary dismissal.

2. Plaintiff's failure to comply with this order as instructed will result in a recommendation of dismissal of this action.

At Pensacola, Florida this 7th day of October 2010.

                                        /s/ *Elizabeth M. Timothy*  
                                        **ELIZABETH M. TIMOTHY**  
                                        **UNITED STATES MAGISTRATE JUDGE**